## GOBIN vs. HUDGENS.

1. Upon a trial of a question of fact, by the court, under the 2d section of the 15th article of the act regulating practice in courts of justice, it is inappropriate and useless to ask instructions. It is the duty of the court to find the facts, and pronounce the law upon them. If the facts found do not warrant the conclusion of law, the judgment is erroneous.

2. The supreme court will not reverse a judgment, unless it appears that error was committed by the circuit court materially affecting the merits of the case.

### APPEAL from Livingston Circuit Court.

HAYDEN, for appellants.

1. The deed of the first of February, 1847, from William Gobin, to the appellant, vested in him, the said Levi Gobin, the right and title to the slaves in controversy; and his title thus acquired, is not affected, or in any degree divested by reason of the condition annexed to this conveyance as expressed in the deed. Because the condition is repugnant to the conveyance, and therefore inoperative and void. Vide 2nd Cruise's Digest, p. 5, sections 20 and 21; 1 Bar-Abr. 648, 649; 4 Kent. Com. 130, 131 and 468; 2nd N. L. R. 352, 353. If, however, this deed shall be constituted by this court to be a deed of trust, as contended for by the counsel for the appellee, even then the plaintiff, as trustee, thereby acquired the legal title or right to the provision of the slaves as against the said William Gobin and his alience, the defendant in this suit, from the time of the date of the deed, and therefore he has a right, either as absolute owner or as trustee of the slaves, to maintain the present action.

2. If the court shall determine that the deed of the first of February, 1847, created the relation of trustee, and cestui que trust between the appellant and the said William Gobin, with reference to the slaves in controversy, still the existence of such relation between them does not render the deed of the 10th of February, 1847, from the said William to the appellant, void; but, on the contrary, the utmost extent to which a court of equity would go, would be to pronounce the deed voidable, and not void, if appealed to by the cestui que trust, to set the same aside upon a proper state of facts set forth in his bill, showing that there was fraud, concealment, or some advantage taken of him by the appellant, by reason of some information acquired by him as trustee in regard to trust property. Vide 9th Vez. 246; 12 Vez. 373; 2 B. Monroe, 77; Vide 1 Maddock's Chy. 113, and authorities referred to; 1st Story's Equity Sects. 321, 322.

3. The defendant, by his purchase in January, 1849, acquired no title to the slaves, as against the plaintiff, who is the prior purchaser of the property for a valuable consideration. His deeds of conveyance have been acquiesced in, and not questioned by the said William Gobin; nor is their validity arraigned by the defendant in his answer. The defendant, in his answer, does not deny, and therefore he admits, that the plaintiff is the purchaser of the slaves, as stated in his petition ; nor does he pretend that he is a purchaser of the property for a valuable consideration, and without knowledge or notice of the prior purchases, &c., by the plaintiff; so that he does not make out a case in his answer, either upon legal or equitable grounds, showing a right in him to hold the possession of the slaves. That, although the bill of exceptions does not show all the evidence in the cause, yet this court will not presume that evidence was given upon the trial to prove facts not set up in the answer, or presented by the issue in the cause.

4. For the reasons presented in the foregoing points, the court erred in refusing to declare the law to be as moved for by the plaintiff, as well as in declaring it to be as pronounced upon the motion of the defendant, and therefore the court erred in refusing the plaintiff a new trial of the cause upon his motion therefor.

ABELL & STRINGFELLOW, for respondent.

1. It is so palpable that this record shows no error in the refusal of the three instructions, asked by the plaintiff, that no further notice need be taken of the matter.

2. The principal instrument in the cause—that under which both parties claimed—was a voluntary deed of settlement of the slaves in controversy, and other property, vesting the legal title to it in the plaintiff, but in trust for the grantor and his children, as provided in the instrument of settlement. The reservation of the services of the slave in controversy to the grantor for his natural life, whether considered as a legal estate in him for life, or a trust estate for the same period, gave him a right, either at law or in equity, to the possession of the slave during his life; and of course the right of disposing of that interest; and here under our present code of procedure, either title authorized the defendant's first instruction.

3. The rule of equity is, that the trustee cannot buy the trust property from the cestui que

Gobin vs. Hodgens.

trust. Davin vs. Fawning, 2 John. Chan. Rep. 252, and cases therein cited; Whichcole vs. Lawrence, 3 Ves. Jr. 750.

4. The propriety or impropriety of the instructions given or refused in this case, was not properly raised in the circuit court, and cannot now be raised in the court by the appellant upon this record.

This was a trial of the fact by the court. The duty of the court was to find the facts, and afterwards to declare the conclusions of law arising upon these facts. Upon this trial, it was competent for either party to object to the competency or relevancy of the evidence, and except to any opinion of the court upon such questions; but it was not the duty of the court, as upon a jury trial, to declare the law upon a hypothetical state of facts. In this stage of the cause, no such instructions can be required of the court, and if given, they are merely voluntary and extra judicial; and so neither the refusal to give proper, nor the giving improper instructions in relation to such matters, furnish any matter of error for the reversal of a judgment.

GAMBLE, J., delivered the opinion of the court.

This was a civil action under the new code of practice to recover slaves. The trial was submitted to the court, and the court found a general verdict for the defendant, without finding the facts as required by the 2nd section of the 15th article of the code. This section requires the decision of the court to be in writing, and that the facts shall be first stated, and then the conclusion of law upon the facts. The third section provides a mode for having a review in the circuit court of either a question of law or fact, and requires that, for that purpose, a case shall be made, containing so much of the evidence as may be material to the questions to be raised. When the court finds the facts, it is only by this proceeding, in making a case, that the evidence relating to the question of fact, or material to the question of law, is preserved.

Instructions were asked in the present case; but that practice is evidently inappropriate and useless, when it is the duty of the court to find the facts, and pronounce the law upon the facts found. If the facts found do not warrant the conclusion of law, the judgment is erroneous. But this conclusion of law, to be stated in the decision of the court, is distinct from the judgment, for the act directs that after the decision is made containing the facts and the conclusion of law, "judgment upon the decision shall be entered accordingly."

There is a great difficulty in determining the proper course to be adopted in a case like the present. Although there was a motion for a new trial, and a motion in arrest of judgment, there appears to have been no question made upon the failure of the court to make a decision

in conformity to the code. In fact, the whole proceeding has been conducted as if there had been no change whatever in the practice.

This court is directed by the 17th section of the 19th article, not to reverse a judgment unless it shall believe that error was committed by the circuit court against the appellant, materially affecting the merits of the case. To reverse the judgment for the reason that the record does not contain the decision of the court upon the facts and law, would be to reverse it because the merits do not properly appear upon the record, and because a form was not adopted which neither the parties nor the court appear to have thought of.

Upon the whole, it is probably the safer rule to say that the judgment shall be presumed to be correct, until error is shown in the mode prescribed by law; and therefore the judgment is affirmed.